UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **No. 5:26-MJ-05188-MAS-1** |
| **TEYO WAITE,** | ) | |
| **Defendant.** | ) | |

# ORDER OF DETENTION PENDING TRIAL

## Part I – Eligibility for Detention

Upon the:

1. Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), because defendant is charged with

☐ A. a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ B. an offense for which the maximum sentence is life imprisonment or death; or

☒ C. an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

☐ D. any felony if such person has been convicted of two or more offenses described in subparagraphs (1) through (3) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐ E. any felony that is not otherwise a crime of violence but involves: (a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (c) any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250;

OR

2. Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2), because

☐ A. defendant poses a serious risk of flight if released, or

☐ B. defendant poses a serious risk of obstructing or attempting to obstruct justice if released

Based upon the information available to the Court, detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II – Findings of Fact and Law as to Presumptions Under § 3142(e)

1. **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ A. the defendant is charged with one of the crimes described in 18 U.S.C. § 3142(f)(1) which are listed in Part I A. above;

☐ B. the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed;

☐ C. the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ D. a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

2. **Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ A. an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ B. an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ C. an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ D. an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; or

E. an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

3. **Conclusions Regarding Applicability of Any Presumption Established Above**

☒ A. The defendant has not introduced sufficient evidence to rebut the presumption above.[1]

OR

☐ B. The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

[1] Even where the defendant has not introduced sufficient evidence to rebut the presumption, the Court will still provide an analysis of the "Analysis and Statement of the Reasons for Detention" below for completeness.

## Part III – Analysis and Statement of Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information available to the Court, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record, the reasons for detention include the following specifically accounting for the relevant factors in 18 U.S.C. § 3142(g):

1. Nature and circumstance of the offense(s) charged in the present case:

☒ The crime is one identified as carrying a presumption of detention (as identified in Part II A. or B);

☐ The crime is a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) ;

☐ The crime is a violation of Federal sex trafficking laws (18 U.S.C. § 1591);

☐ The crime is a Federal crime of terrorism;

☐ The crime involves minor victims carrying a non-presumption of detention;

☒ The crime involves a controlled substance, firearm, explosive or destructive device;

☒ Defendant is subject to lengthy period of incarceration if convicted;

☐ Defendant is subject to removal or deportation after serving any period of incarceration;

☐ Defendant attempted to evade law enforcement at the time of arrest;

Other:

In drafting the BRA, Congress determined that "drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare*, 873 F.2d 796, 789–99 (5th Cir. 1989); *United States v. Stone*, 608 F.3d 939, 955 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

Crime Charged:

21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine

21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl

2. Weight of evidence against the defendant:

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Consequently, because a person's dangerousness includes facts and circumstances that arise under the analysis of the first factor above and the third factor below, the Court incorporates those facts and items as if fully set forth below.

Other:

Here, Defendant's charges suggest an alleged intent to distribute methamphetamine and fentanyl, activities considered highly dangerous under the BRA. *United States v. Holden*, No. 17-CR-33-JMH-1, 2017 WL 1362684, at *2 (E.D. Ky. Apr. 12, 2017) (mentioning that the dangers associated with drug trafficking "leading to near fatal overdoses cannot be overstated"). Further, the Complaint indicates that a firearm was found in close proximity to the fentanyl and methamphetamine, which gives cause for concern. [DE 1]; *see United States v. Flowers*, No. 3:05-CR-72, 2005 WL 1981364, at *4 (E.D. Tenn. Aug. 17, 2005) (observing that the "sale of drugs [ ] establish[es] a significant danger" and "[t]he addition of guns to the equation" would only increase it).

3. History and characteristics of defendant

☒ Prior criminal history, including possible escalating criminal history;

☒ History of violence or use of weapons;

☒ History of trafficking and/or distribution of controlled substances;

☐ History of abuse of minors;

☒ History of alcohol or substance use disorder;

☒ Lack of stable employment;

☐ Lack of stable residence;

☐ Financial resources by which to abscond;

☐ Lack of significant community or family ties to this district;

☐ Significant family or other ties outside the United States;

☐ Lack of legal status in the United States;

☒ Prior failure to appear in court as ordered;

☐ Prior attempt(s) to evade law enforcement or obstruct justice;

☐ Use of alias(es) or false documents;

☐ Background information unknown or unverified;

☒ On probation, parole and/or release pending trial, sentence, appeal, or completion of sentence at the time of the alleged offense;

☒ Prior violations of probation, parole, or supervised release;

Other:

Although Defendant's history is free of criminal convictions, he has several pending criminal charges, including 2021 charges relating to the possession of controlled substances (heroin, cocaine, marijuana), the trafficking of marijuana, and assault. [PSR at 4–6]. The controlled substance charges, combined with the facts alleged in the Complaint, seem to indicate a pattern of alleged criminal activity. Additionally, Defendant has failed to appear numerous times, resulting in the issuance of bench warrants, and previously violated the conditions of his bond by allegedly possessing cocaine and causing his minor girlfriend to engage in illegal controlled substance activity. [*Id.*]. Furthermore, Defendant was on release pending trial at the time of the alleged offense. [*Id.*]. In sum, Defendant's history of similar criminal activity, failing to appear, and bond violations, raises concerns that he poses an irremediable risk of nonappearance and danger to the community.

4. Nature and seriousness of danger posed by person's release:

   ☐ Has or will threaten witnesses/victims or obstruct justice;

   ☐ History of violence;

   ☒ History of failing to abide by court-imposed conditions;

   ☐ Lack of financially responsible sureties;

   ☐ Mental health issues;

   ☒ Likelihood to continue to engage in the criminal activity at issue; or

Other:

Defendant's alleged involvement in a drug trafficking scheme is, absent rebuttal, demonstrative of his potential danger to the community. *United States v. Pina-Aboite*, 97 F. App'x 832, 836 (10th Cir. 2004) (emphasizing that "the danger-to-the-community factor is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community"). Furthermore, Defendant has previously violated bond conditions and failed to appear as directed. Not only does this raise serious concerns regarding Defendant's risk of non-appearance and danger to the community, it also suggests that Defendant is chronically unable to abide by the Court's instructions.

Other Reasons Supporting Detention:

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (*see* 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Other:

Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: August 11, 2026

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY